```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

```
JERONE MCDOUGALD,              :
                               :    NO. 1:11-CV-00790
        Petitioner,            :
                               :
                               :
   v.                          :    ORDER & OPINION
                               :
                               :
WARDEN, Lebanon Correctional   :
Institution,                   :
                               :
        Respondent.
```

This matter is before the Court on the October 1, 2012 Magistrate Judge's Report and Recommendation (doc. 16) and Petitioner's objections thereto (doc. 20).

As required by 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive findings and analyses of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court finds that Petitioner procedurally defaulted on the claims he presents in his petition because he failed to present them to the state court as required. He is not entitled to relief from his procedural default because he has failed to demonstrate cause for his default and he has not

shown that a fundamental miscarriage of justice occurred with his conviction.

Petitioner's objections to the Magistrate Judge's Report and Recommendation are not persuasive. He argues that his procedural default should be set aside because not granting his petition for a writ of habeas corpus would amount to a fundamental miscarriage of justice (doc. 20). In both his habeas petition and his reply to the return of writ, he alleges that he has a colorable claim for actual innocence, which can provide the basis for a finding of fundamental miscarriage of justice. However, Petitioner provides nothing more than a bare assertion of innocence to support this allegation. Instead, he attempts to use his claim of actual innocence as a backdoor to the claims he has procedurally defaulted. That is, he appears to assert that he is actually innocent because, <u>inter alia</u>, his indictment and conviction were secured on the basis of false testimony. This assertion forms the basis of ground three of his habeas petition, which, as noted above and as detailed extensively by the Magistrate Judge, is procedurally defaulted. In essence, Petitioner's objections amount to a rehashing of the arguments presented in both his petition and his reply to the return of writ. They do nothing to show this Court that the Magistrate Judge erred in her Report and Recommendation, and the

Court's de novo review of this matter leads the Court to the clear conclusion that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (docs. 16) in its entirety. Consequently, Petitioner's petition for habeas corpus is DENIED WITH PREJUDICE (doc. 3). The Court DECLINES to issue a certificate of appealability with respect to Petitioner's claims for relief because "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253(c) Fed. R. App. P. 22(b). Pursuant to 28 U.S.C. 1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: January 17, 2013     s/S. Arthur Spiegel_____
                            S. Arthur Spiegel
                            United States Senior District Judge