UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,
    Petitioner,

Case No. 1:11-cv-790

vs.

Spiegel, J.
Bowman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

**REPORT AND RECOMMENDATION**

      On January 17, 2013, the Court entered a final Order and Judgment adopting the undersigned's Report and Recommendation issued October 1, 2012 to deny the petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice on the ground that petitioner procedurally defaulted and has waived his claims for relief. (*See* Docs. 16, 24, 25). On January 24, 2013, petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit, which apparently remains pending for disposition. (*See* Docs. 27-28). Thereafter, on March 8, 2013, petitioner filed a motion for leave to file a "Rule 60" motion for relief from final judgment with this Court. (Doc. 29). In accordance with an Order issued March 14, 2013 (*see* Doc. 30), respondent has filed a brief opposing petitioner's motion. (Doc. 31). Petitioner has filed a reply to respondent's opposition memorandum with supporting exhibits. (Docs. 34-35). This matter is now before the undersigned, upon referral by the District Court, for Report and Recommendation on petitioner's post-judgment motion filed pursuant to Fed. R.

Civ. P. 60(b). (Doc. 29).

As an initial matter, it is noted that at the time of the filing of petitioner's Rule 60(b) motion, he already had an appeal pending in the Sixth Circuit, which deprived the district court of jurisdiction to rule on the motion. *See Adkins v. Jeffreys*, 327 F. App'x 537, 539 (6th Cir. 2009); *see also Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005). The "filing of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction except to act in aid of the appeal." *Adkins,* 327 F. App'x at 539 (and Sixth Circuit cases cited therein). As the Sixth Circuit explained in *Adkins*, 327 F. App'x at 539:

> This Court first prescribed a procedure to be utilized when a Rule 60(b) motion is filed in the district court while an appeal is pending in the court of appeals in *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). Under the procedures outlined in *Hirsch*, where a party wishes to file a Rule 60(b) motion but has already filed a notice of appeal,
>
>> the proper procedure is for him to file his motion in the [d]istrict [c]ourt. If that court indicates that it will grant the motion, the appellant should then make a motion to this court for a remand of the case in order that the [d]istrict [c]ourt may grant the motion….
>
> *Id.* at 346. If the district court is not disposed to grant the motion, "the appeal will be considered in regular course." *Id.* The decision of whether to consider the post-judgment motion while an appeal is pending is within the district court's discretion, and there is no error if the district court decides to let the appeal run its course.

Here, as in *Adkins* and *Post*, this Court lacks jurisdiction to decide petitioner's Rule 60(b) motion while his appeal is pending in the Sixth Circuit. Furthermore, upon review of petitioner's post-conviction motion, the undersigned is not persuaded that a provisional ruling granting the motion should be made in accordance with the procedure set forth in *Hirsch*.

The Sixth Circuit has stated that a Rule 60(b) motion "represents the sole authority, short of a successive application approved by this court, under which a district court may entertain a

challenge to a prior denial of habeas relief." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 2902 (2011). Although Rule 60(b) cannot be used to advance a substantive claim for federal habeas relief governed by requirements set forth in 28 U.S.C. § 2244(b) for successive petitions, it "continues to have limited viability in the habeas context" to the extent that the Court may consider a prior denial of habeas relief when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 335-36 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532 n.4 (2005)). In this case, petitioner challenges the Court's decision to deny habeas relief based on a procedural default ruling that precludes a determination of the merits of his claims. Therefore, the Court has authority to consider the motion. *Cf. Bilaal v. Coleman*, No. 3:05cv1733, 2012 WL 3010857, at *3 (N.D. Ohio May 30, 2012) (Report & Recommendation), *adopted*, 2012 WL 2995488 (N.D. Ohio July 23, 2012).

Fed. R. Civ. P. 60(b) provides in pertinent part that the federal district court may provide relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud, misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.[1] Relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Illinois*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The court's discretion to vacate a judgment pursuant to Rule 60(b) is "circumscribed by public policy favoring finality of

---

[1] Fed. R. Civ. P. 60(b) also allows the court to provide relief from a final judgment based on newly discovered evidence. Fed. R. Civ. P. 60(b)(2). In addition, relief from a final judgment may be granted if the judgment is void, satisfied, discharged, reversed or vacated or if applying the judgment prospectively is "no longer equitable." Fed. R. Civ. P. 60(b)(4)-(5). Those provisions do not apply in the instant case.

judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001)) (internal citation and quotation omitted).

In his Rule 60(b) motion, petitioner claims that the undersigned "misapplied a rule and law" in the Report and Recommendation that was adopted by the Court on January 17, 2013. (*See* Doc. 29, p. 2). Specifically, petitioner argues that the undersigned "mistakenly" applied the procedural default bar to review in this case because "the last Ohio court to rule on the merits of [his] constitutional claims failed to assert procedural default." (*Id.*, p. 3). Petitioner also contends that he has demonstrated a credible claim of actual innocence allowing for review of the merits of his habeas claims. He alleges that the undersigned improperly "converted" his actual innocence claim "into an attack on the sufficiency of the evidence" and erred in finding that the evidence submitted in support of such claim was inadequate to excuse his procedural default because it "was presented or made available to the defense at trial." (*See id.*, p. 2). Finally, petitioner asserts in his brief in reply to respondent's opposition memorandum that respondent has "continually misstate[d] the facts of this case." (Doc. 34). In so arguing, petitioner suggests that this Court was misled by respondent's misrepresentations to reject petitioner's actual innocence argument.

Upon review of petitioner's motion in light of the entire record, including the prior Report and Recommendation adopted by the district court, the undersigned concludes that petitioner has not met the standards set forth in Fed. R. Civ. P. 60(b) for granting relief from final judgment. First, contrary to petitioner's contention, and as discussed in great depth in the prior Report and Recommendation (*see* Doc. 16, pp. 12-15), petitioner committed numerous procedural defaults in the state courts. The undersigned remains convinced that petitioner deprived the Ohio courts of the "opportunity to consider the merits of any of [his] claims for

4

relief," and thus procedurally defaulted the claims, because he "he did not present [them] . . . to the state courts when exhausting the state appeal and post-conviction avenues of relief, and because the Ohio appellate courts held that state habeas corpus review was unavailable to address petitioner's claims." (*See id.*, pp. 14-15).

Second, the undersigned rejects petitioner's argument that the discussion in the Report and Recommendation of the actual innocence exception to the procedural default doctrine involved a misapplication or improper interpretation of the applicable case-law or was based on erroneous findings of fact. The Court correctly determined in accordance with Supreme Court and Sixth Circuit precedents that to the extent that any of petitioner's arguments on the issue could "be construed as an attack on the sufficiency of the evidence supporting his convictions, he was unable to establish a credible claim of actual innocence, which means factual innocence, not mere legal insufficiency." (*Id.*, pp. 17-18) (and cases cited therein). Contrary to petitioner's contention that his actual innocence claim was improperly "converted" into merely an attack on the sufficiency of evidence, the Court went on to consider the merits of petitioner's claim under the applicable standard of review set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), and followed in *House v. Bell*, 547 U.S. 518 (2006). (*See* Doc. 16, pp. 16-18). As discussed in the Report and Recommendation (*id.*, pp. 16-17), to establish a credible claim of actual innocence sufficient to overcome the procedural bar to review, the petitioner must establish in light of new reliable evidence that was not presented at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 324, 327). Here, the Court properly determined under the standards enunciated in *Schlup* and *House* that part of petitioner's claim was not based on "new reliable evidence" and that to the extent that petitioner cited certain evidence that was not presented at trial as support for his claim, such evidence, when viewed in the context of the trial record, did

not create the likelihood that "no reasonable juror would have found [him] guilty beyond a reasonable doubt." (*See* Doc. 16, p. 18).

The record also supports the Court's finding that the evidence relied on by petitioner as support for his actual innocence claim "was presented or made available to the defense during the trial proceedings." (*See id.*, p. 17). In this case, the only evidence cited by petitioner that was not brought out at trial was certain prior inconsistent statements that Kendra White allegedly made in a recorded police interview, which petitioner claims cast doubt on White's trial testimony against him. However, in his brief in reply to respondent's memorandum in opposition to the post-conviction motion, petitioner expressly concedes that the CD containing Kendra White's recorded police interview "was provided to defense counsel on the Friday afternoon (March 30, 2007 at 2:59pm), before the trial was to begin the following Monday morning (April 2, 2007)." (*See* Doc. 34, pp. 2-3).

Finally, the undersigned rejects any contention by petitioner that relief from final judgment should be granted because respondent has misrepresented the facts or has otherwise engaged in misconduct in defending against claims raised in this action. The record belies such an argument. Furthermore, to the extent that petitioner has suggested that the Court has been misled by respondent and failed to conduct its own review of the record when deciding whether or not the actual innocence exception applies to overcome the procedural default bar to review, the undersigned hereby clarifies for the record that the entire record, including the prior inconsistent statements that Kendra White allegedly made in her recorded police interview, was considered in reaching the decision contained in the initial Report and Recommendation. (*See* Doc. 16, p. 18). Indeed, after again reviewing the entire record for the purpose of addressing the instant motion, the undersigned remains convinced that petitioner has not demonstrated that the actual innocence exception applies to excuse the procedural bar to review in this case.

Petitioner's brief in reply to respondent's return of writ contains the following summary of his position regarding the credibility to be accorded White's trial testimony, which he claims was "perjured," in light of the inconsistent statements she made in her recorded police interview:

> [D]uring [the police interview], Kendra White admitted that the firearm found by the officers during their search of her home belonged to her boyfriend "Blue" or Benny Simpson, who asked her to keep it for him (Disk 19:04). Kendra White also admitted that the digital scales found during the search of her home belonged to her and that she had bought them from Wheelersburg (Disk 18:45). Kendra White also maintained that she had no knowledge of the drugs found in her teddy bear (Disk 23:17 14:08)[.] During trial, however, Kendra White testified falsely stating that the drugs found under the teddy bear hat was the petitioner's and that she had seen him put the drugs under there (Tr.119 Ex D). Kendra White was just about as backwards as she was forward. She again testified that she did not know that the drugs were under that teddy bear hat and then went on to state that the drugs in the teddy bear came from the petitioner (Tr.131 Ex E)[.] White then went on to testify that the digital scales were not hers, but the Petitioner's (Tr.136 Ex F).

(*See* Doc. 14, "Argument of the Case"; *see also* Doc. 35).

Contrary to petitioner's assertion, the undersigned finds no significant inconsistency between White's trial testimony and the statements she made in the police interview regarding the firearm found during the search of her residence, where both White and petitioner were found and arrested after a controlled buy of crack cocaine was made by a police informant. As she had similarly stated in her police interview, White testified at trial that the firearm belonged to Benny Simpson, who had thrown the gun in the back of her residence after shooting at White, and had asked White to retrieve it and keep it for him while he was in jail. (*See* Doc. 9, Trial Tr. 126-27). White testified further at trial that petitioner asked her to bring the gun, which she had placed in a tool shed behind the house, inside and that she had seen petitioner carrying the gun around. (*Id.*, Trial Tr. 127-28). Even assuming that White's additional statements could be construed as "inconsistent" with her police interview, it is unlikely that no juror would have convicted petitioner in light of that statement particularly given that another State witness also testified that

7

she saw petitioner carrying a firearm in White's residence on four or five occasions. (*See id.*, Trial Tr. 158-59).

It appears from the record that, as petitioner has averred, White did testify at trial that the digital scales belonged to petitioner and that petitioner was the one who had hidden 75 grams of crack cocaine underneath her teddy bear's hat. (*See id.*, Trial Tr. 119, 131, 136). However, those inconsistencies in testimony do not mean, as petitioner has also claimed, that White presented perjured testimony about petitioner's involvement in the sale of crack cocaine from her home. Most importantly, those inconsistencies in testimony, when viewed in the context of the entire record, do not give rise to a colorable claim of actual innocence. White was convicted and sentenced to a four-year prison term upon entry of a guilty plea to drug possession. She admitted at trial that she sold crack cocaine from her home. The prosecution's case against petitioner was based on the theory that petitioner and White acted in complicity. Therefore, whether or not White or petitioner was the individual who owned the digital scales or placed the drugs under the teddy bear's hat was not dispositive of the issue of petitioner's guilt or innocence on the drug possession and trafficking charges. Numerous witnesses in addition to White testified at trial that petitioner was engaged in the trafficking of crack cocaine from White's residence. (See id., Trial Tr. 148-92). Therefore, upon review of the entire record, the undersigned concludes that petitioner has not established a credible claim of actual innocence because he has not shown, as required by *House* and *Schlup*, that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 324, 327).

Accordingly, in sum, the undersigned stands by the Report and Recommendation adopted by the Court in the final Order and Judgment issued on January 17, 2013 and is not persuaded by petitioner's arguments that relief from final judgment under Fed. R. Civ. P. 60(b) is warranted in

8

this case. It is, therefore, **RECOMMENDED** that petitioner's motion for leave to file a "Rule 60" motion for relief from final judgment (Doc. 29) be **DENIED** on the grounds that the Court lacks jurisdiction to consider the motion filed during the pendency of his appeal to the Sixth Circuit, and petitioner has not demonstrated that he is entitled to relief from final judgment for the purpose of prompting a remand from the Sixth Circuit.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion for leave to file a "Rule 60" motion for relief from final judgment (Doc. 29) be **DENIED.**

2. In this habeas case involving the recommended denial of a Rule 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a certificate of appealability should not issue because petitioner has not shown under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), that "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling.[2]  *Cf. Carroll v. Burt*, Civil No. 2:07-12679, 2013 WL 440167, at *2-3 (E.D. Mich. Feb. 5, 2013). *See also United States v. Hardin,* 481 F.3d 924, 926 (6th Cir. 2007) (holding that a habeas petitioner must obtain a certificate of appealability "as a prerequisite for [an] appeal of the denial of a Rule 60(b) motion").

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See*

---

[2]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his procedurally defaulted grounds for relief. *See Slack,* 529 U.S. at 484.

9

Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

          /s/ *Stephanie K. Bowman*
          United States Magistrate Judge

Case: 1:11-cv-00790-SAS-SKB Doc #: 36 Filed: 06/06/13 Page: 10 of 11 PAGEID #: 982

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,                          Case No. 1:11-cv-790
    Petitioner

    vs                                                              Spiegel, J.
                                                                 Bowman, M.J.
WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc