UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JERONE MCDOUGALD | : | No. 1:11-cv-00790 |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

This matter is before the Court on the June 6, 2013 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 36), to which Petitioner has objected (doc. 41) and filed a "Supplemental Reply" (doc. 42). Unhappy with the length of time this matter has been pending before us, Petitioner most recently has filed a "Motion to proceed to final Judgment" with regard to his objections (doc. 49). For the reasons set forth below, we ACCEPT the recommendation of the Magistrate Judge that Petitioner's Rule 60(b) motion be denied.

**I.  Background and the Magistrate Judge's Report & Recommendation**

The procedural history of this matter has been previously outlined by the Court of Appeals for the Sixth Circuit, which we reproduce here and supplement:

1

> An Ohio jury convicted McDougald of possessing crack cocaine, trafficking crack cocaine, possessing criminal tools, and having a weapon while under a disability. *See* Ohio Rev. Code §§ 2923.13, 2923.24, 2925.03, 2925.11. He was sentenced to a total of twenty years of imprisonment, and that sentence was affirmed on direct appeal. *State v. McDougald*, No. 07CA3157, 2008 WL 788578, at *4 (Ohio Ct. App. Mar. 20, 2008). McDougald's application to reopen his direct appeal was denied, and the Ohio Supreme Court summarily dismissed his motion for leave to file a delayed appeal.
> In 2009, the trial court denied McDougald's motion for state post-conviction relief. The state court of appeals affirmed that decision, noting that the post-conviction action was untimely filed. *State v. McDougald*, No. 09CA3278, 2009 WL 2684566 (Ohio Ct. App. Aug. 17, 2009).
> In 2011, McDougald filed a habeas corpus petition in the Ohio Court of Appeals in which he alleged: 1) that the trial court lacked jurisdiction because the charging documents were falsified; 2) that he was actually innocent of the charges against him; and 3) that the prosecution knowingly relied on perjured testimony to obtain his convictions. The court of appeals dismissed the petition ruling that a remedy under habeas corpus was not available to McDougald because all of his claims "can or could have been raised by way of appeal or post-conviction relief." The state supreme court affirmed that decision noting that McDougald's claims were "not cognizable in habeas corpus." *McDougald v. Brunsman*, 955 N.E.2d 377, 377 (Ohio 2011).
> McDougald then filed a petition for federal habeas corpus relief in which he raised the same three claims for relief [(doc. 3)]. *See* 28 U.S.C. § 2254. A magistrate judge recommended that the § 2254 petition be denied because those claims were barred by an unexcused procedural default [(doc. 16)]. The district court adopted that recommendation over McDougald's objections, dismissed the case, and declined to issue a COA regarding any of McDougald's claims [(doc. 24)].

(Doc. 44, November 26, 2013 Order by the United States Court of Appeals for the Sixth Circuit (denying application for a

2

certificate of appealability) at 1-2.) Upon this Court's January 17, 2013 denial of his writ, Petitioner filed a timely notice of appeal (doc. 27). The Sixth Circuit ultimately declined to issue a certificate of appealability ("COA") (see doc. 44, supra).

Petitioner also filed a "Motion for Leave to file Civil Rule 60" with the Clerk of this Court on March 8, 2013 (doc. 29) that we construed to be a motion for leave to file a motion for "Relief From a Judgment" pursuant to Fed. R. Civ. P. 60(b) (see doc. 30). In compliance with this Court's Order regarding same, Respondent filed a brief in opposition (doc. 31), to which Petitioner replied (doc. 34) with supporting exhibits (doc. 35). The Magistrate Judge then issued the instant June 6, 2013 Report and Recommendation, in which she recommends that Petitioner's Rule 60(b) motion be denied (doc. 36).

At the time the Magistrate Judge released her Report and Recommendation, the Sixth Circuit had not yet issued its Order denying Petitioner a COA. Accordingly, at the outset the Magistrate Judge correctly noted the district court's lack of jurisdiction to rule on Petitioner's Rule 60(b) motion in light of his pending appeal (doc. 36 at 2). She set forth the proper procedure in situations such as this one, where a party files a Rule 60(b) motion but already has filed a notice of appeal. See Adkins v. Jeffreys, 327 F. App'x 537, 539 (6th Cir. 2009)

3

(citing First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir. 1976)).  A district court has the discretion to do nothing and let the appeal run its course, or it can consider the substance of the motion and provisionally indicate how it is inclined to rule.  If the district court suggests that it is disposed to grant the motion, the petitioner-appellant must move the appellate court to remand the case so that jurisdiction again lies below.  Adkins, 327 F. App'x at 539 (citing Hirsch, 535 F.2d at 346).  Here, though, the Magistrate Judge indicated that she was not inclined to recommend that we grant Petitioner's Rule 60(b) motion.  Consequently, this Court deemed it appropriate to let Petitioner's appeal run its natural course.  See id.  Once the Sixth Circuit denied Petitioner's application for a COA, the appeal concluded and our jurisdiction returned to allow a review of the Magistrate Judge's report on the substance of Petitioner's Rule 60(b) motion and her recommendation that it be denied.  Thus we proceed.

Petitioner does not specify which of the six provisions of Rule 60(b) underpin his motion.  Given the content of his pleadings, however, the Magistrate Judge reasoned that Petitioner could be entitled to relief only under Fed. R. Civ. P. 60(b)(1), (3), or (6).[1]  She noted that Rule 60(b) motions

---

[1] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding

4

"'continue[] to have limited viability in the habeas context'" in the circumstance where the petitioner "'asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar[]'" (doc. 36 at 3 (quoting Johnson v. Bell, 605 F.3d 333, 335-36 (6th Cir. 2010) (quoting Gonzales v. Crosby, 545 U.S. 524, 532 n.4 (2005)), cert. denied, 131 S. Ct. 2902 (2011))). The ruling challenged by Petitioner, our January 2013 decision to deny him habeas relief based on a procedural default, falls within this ambit such that the Magistrate Judge concluded that the Court has authority to consider the motion. Nonetheless, she prefaced her analysis of its substance with the well-established standard that "[r]elief under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances'" (doc. 36 at 3 (quoting McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502-03 (6th Cir. 2000) (internal quotation marks and citation omitted))) in deference to the "'public policy favoring finality of judgments and termination of litigation[]'" (doc. 36 at 3-4 (quoting Ford Motor Co. v. Mustangs Unlimited, Inc., 487

---

for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

F.3d 465, 468 (6th Cir. 2007) (internal quotation marks and citations omitted))).

The Magistrate Judge culls three arguments from Petitioner's memorandum, two relating to alleged "mistake" by the Court (see Fed. R. Civ. P. 60(b)(1)) with a third directed at purported "misrepresentation[]" or "misconduct" on the part of Respondent (see Fed. R. Civ. P. 60(b)(3)).  He contends that the Magistrate Judge "'mistakenly' applied the procedural default bar to review in this case because 'the last Ohio court to rule on the merits of [his] constitutional claim failed to assert procedural default[]'" (doc. 36 at 4 (quoting doc. 29 at 3)).  Petitioner also insists that the Magistrate Judge "improperly 'converted' his actual innocence claim 'into an attack on the sufficiency of the evidence' and erred in finding that the evidence submitted in support of such claim was inadequate to excuse his procedural default" (doc. 36 at 4 (quoting doc. 29 at 2)).  Finally, Petitioner maintains that "[R]espondent has 'continually misstate[d] the facts of this case[]'" and suggests that the Magistrate Judge was "misled by [R]espondent's misrepresentations to reject [P]etitioner's actual innocence argument[]" (doc. 36 at 4 (quoting doc. 34 at 2)).  The Magistrate Judge rejected all three arguments.

6

**II. Discussion of Petitioner's Objections & Supplemental Reply**

Petitioner's "objections" set forth in documents 41 and 42 largely mirror his arguments made in previous filings. He persists in his view that the Magistrate Judge committed error in applying the procedural default bar on the basis that "the last Ohio court to rule on the merits of [his] constitutional claims failed to assert proceedural [sic] default" (see doc. 42 at 6). Petitioner is incorrect. On February 2, 2011, he sought state habeas corpus relief in the Ohio Court of Appeals, Twelfth Appellate District. Petitioner asserted, for the first time at the state level, the same three claims on which he wishes to proceed here in federal court. Respondent filed a motion to dismiss, which the appellate court granted. Set forth below is an excerpt of its opinion dismissing Petitioner's petition:

> Habeas corpus will not lie when the petitioner is in the custody of an officer under process issued by a court or magistrate, or pursuant to the judgment or order of a court of record, when the court or magistrate had jurisdiction to issue the process, judgment or order. R.C. 2725.05. Where the petitioner is convicted of a criminal offense and sentenced to imprisonment by a court of competent jurisdiction, an appeal rather than habeas corpus is the proper remedy to correct any error or irregularity claimed to have occurred in the proceedings. Smith v. Bradshaw, 109 Ohio St.3d 50, 2006-Ohio-1829.
>
> Turning to the present case, there is no question that the Scioto County Court of Common Pleas had jurisdiction to convict petitioner of possession of drugs, drug trafficking, possession of criminal tools and having a weapon under disability. Further, all of the arguments raised by petitioner can or could have been raised by way

7

> of appeal or post-conviction relief. Habeas corpus is therefore not available. Adams v. Humphreys (1986), 27 Ohio St.3d 43. Petitioner had or has an adequate remedy at law.

(Doc. 9-2, Exh. 35, State of Ohio ex rel. Jerone McDougald v. Tim Brunsman, Warden, Entry Granting Motion to Dismiss, Case No. CA2011-02-011, Court of Appeals of Warren County, Ohio (emphasis added).) On appeal, the Supreme Court of Ohio affirmed the dismissal:

> We affirm the judgment of the court of appeals dismissing the petition of appellant, Jerone McDougald, for a writ of habeas corpus. His claims are not cognizable in habeas corpus. See Pishok v. Kelly, 122 Ohio St.3d 292, 2009-Ohio-3452, 910 N.E.2d 1033 (validity of sufficiency of charging instrument); Junius v. Eberlin, 122 Ohio St.3d 53, 2009-Ohio-2383, 907 N.E.2d 1179 (actual innocence); Keith v. Bobby, 117 Ohio St.3d 470, 2008-Ohio-1143, 884 N.E.2d 1067, ¶ 15 (fraud upon the court, prosecutorial misconduct, and perjured testimony).

(Doc. 9-2, Exh. 40, McDougald v. Brunsman, 130 Ohio St.3d 22, 2011-Ohio-4607 (per curiam) (emphasis added).) While the particular term "procedural default" does not appear in either opinion, that omission is not dispositive. The precedent cited by each court makes sufficiently clear—as necessary under Harris v. Reed, 489 U.S. 255 (1989) and progeny—that no decision on the merits could issue because these claims should have been raised either on direct appeal or during post-conviction relief. Hence, the pronouncement of the "last Ohio court" to consider them, "[Petitioner's] claims are not cognizable in habeas corpus[]" (emphasis added). The Magistrate Judge properly

8

recognized these rulings as state appellate court enforcement of a "state procedural sanction" that constitutes "an independent and adequate state ground for denying habeas corpus relief[]" (doc. 16 at 13). We borrow further from the Magistrate Judge's initial Report and Recommendation:

> As the Ohio Supreme Court apparently recognized, the bar to review was based on prior state supreme court precedents, which were firmly established and regularly followed by the time petitioner filed his state habeas petition with the Ohio Court of Appeals. See, e.g., Pishok v. Kelly, 910 N.E.2d 1033, 1034 (Ohio 2009) (per curiam) (holding in accordance with other cited prior precedents that '[h]abeas corpus is not available to challenge the validity or sufficiency of a charging instrument' because the convicted felon 'had an adequate remedy in the ordinary course of law by appeal to raise his claim that the indictment was defective'); Junius v. Eberlin, 907 N.E.2d 1179, 1180 (Ohio 2009) (per curiam) (holding in accordance with cited prior precedents that '[h]abeas corpus is not available to remedy claims concerning the validity of an indictment' and that the petitioner also 'had adequate legal remedies to raise his claim of actual innocence'); Keith v. Bobby, 884 N.E.2d 1067, 1070 (Ohio 2008) (per curiam) (citing Williamson v. Williams, 812 N.E.2d 1283, 1284 (Ohio 2004) (per curiam), and Howard v. Randle, 767 N.E.2d 268, 269 (Ohio 2002) (per curiam), as support for the holding that 'claims of fraud upon the court, prosecutorial misconduct, and perjured testimony are not cognizable in habeas corpus').

(Doc. 16 at 13-14.)  Concluding that the Ohio courts were not given the opportunity to consider the merits of Petitioner's claims, she determined that a procedural default occurred.

In support of his position that the "last Ohio court" did not ground its decision on procedural default, Petitioner quotes from the Supreme Court of Ohio's judgment entry docketed upon

9

release of its September 15, 2011 decision (doc. 42 at 7).[2] He highlights the fact that the entry is "silent" in this regard. Again, Petitioner misses the point. That entry affirms the ruling of the appellate court "consistent with the opinion rendered herein[.]" That opinion, as just discussed, satisfactorily identifies the state procedural roadblocks to considering Petitioner's habeas claims on their merits. Petitioner's objection on this point, then, is baseless and therefore overruled.

Alternatively, Petitioner contends that the actual innocence exception applies to excuse any procedural default, and maintains that the Magistrate Judge "overlooked and disregarded vital pieces of evidence" besides the prior inconsistent statements made by Kendra White during a pretrial police interview, namely the affidavit in support of and the actual search warrant that led to Petitioner's arrest, as well as the search warrant inventory sheet and the criminal complaint forms completed by officers assigned to the Portsmouth Police Department Narcotics Unit (see doc. 42 at 2-3 and attachments thereto). All of this evidence, plus the testimony of the arresting officer at the preliminary hearing stating that his

---

[2] This judgment entry is not found within the exhibits attached to the Return of the Writ (see doc. 9-1, Exhs. 1-19 & doc. 9-2, Exhs. 20-42, state court record; doc. 9-2, Exhs. 43-48, state court docket sheets), but rather is attached to Petitioner's Traverse (doc. 4).

10

only evidence of Petitioner selling drugs was the statement of Kendra White, gives rise to a colorable claim of actual innocence, at least in Petitioner's view. Petitioner is wrong.

As the Magistrate Judge correctly reports, to pass through the actual innocence gateway to defaulted claims, Petitioner must establish, with new reliable evidence not presented at trial, that "'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" (Doc. 36 at 5 (quoting House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)).) We agree that he has fallen well short of this burden. At the outset, we note that the evidence proffered by Petitioner is not new. Petitioner verifies that the recording of the police interview with Kendra White "was provided to defense counsel on the Friday afternoon (March 30, 2007 at 2:59 pm), before the trial was to begin that following Monday morning (April 2, 2007)." (Doc. 34 at 2-3.) Thus, any inconsistencies or outright conflicts between her statements then and her trial testimony could have been used at trial for impeachment purposes. Moreover, Petitioner inappropriately focuses on the Magistrate Judge's failure to pronounce White's testimony to be "perjury". At issue was not whether—at some point prior to December 18, 2006—Kendra White bought a set of digital scales in Wheelersburg, Ohio that she kept on the ironing board in her

11

house. Rather, at issue was whether those digital scales—those "criminal tools—were indeed in Petitioner's possession or under his control at the time of his arrest. That White may have admitted on an earlier date to technical "ownership" does not make it more likely than not that a reasonable juror would have failed to find Petitioner guilty beyond a reasonable doubt of their possession or control. The same conclusion attends any inconsistency about the ownership of the gun found during the search, or how it made its way into White's house (doc. 9-4, Jury Trial Transcript VOL. I at 126-28, 143-44, 147), or how a hunk of crack cocaine found its way under that hat of a Boyd's Bear sitting on White's nightstand (doc. 9-4, Jury Trial Transcript VOL. I at 119, 131, 139-40).

The Court has reviewed the documents attached to Petitioner's Supplemental Reply. Their focus on the drug-related activity of Kendra White does not give rise to a colorable claim of Petitioner's actual innocence when viewed in the context of the entire record. The theory of the prosecution's case was that Petitioner was complicit with White in trafficking in drugs[3]. Introduction of the preliminary

---

[3]Petitioner is under the misunderstanding that "trafficking" in drugs means only to "prepar[] [them] for shipment[]" (see doc. 41 at 6). A more complete review of the statute makes clear that that is but one method:

12

hearing testimony of the arresting officer conceding that he had little evidence of Petitioner himself selling drugs other than through Kendra White's say-so would by no means prompt a reasonable juror to find Petitioner innocent in light of the testimony of Jesse Dixon (doc. 9-5, Jury Trial Transcript VOL. II at 177-79), Melinda "Nikki" Elrod (doc. 9-5, Jury Trial Transcript VOL. II at 189-192) and Shawna Lattimore (doc. 9-4, Jury Trial Transcript VOL. I at 150-162, 167-172). Petitioner dubs the testimony by these "friends" of Kendra White irrelevant (and false) because it concerned alleged drug buys from him "all on some other day, once upon a time" but not on December 18, 2006, the date specified in the indictment[4] (see doc. 41 at 6-7).

---

    **R.C. 2925.03  Trafficking offenses**

    (A) No person shall knowingly do any of the following:

    (1) Sell or offer to sell a controlled substance or a controlled substance analog;

    (2) Prepare for shipment, ship, <u>transport, deliver, prepare for distribution, or distribute</u> a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

(Emphasis added.)

[4] Petitioner's counsel advanced a similar argument at trial, trying to get the evidence excluded as to relevance (see doc. 9-4, Jury Trial Transcript VOL. I at 121-22, 151-52). The trial court overruled the objection, finding the testimony relating to other acts was admissible to prove various elements of the offense of trafficking under Ohio Evid. R. 404(B) under the

A reasonable juror, however, in all probability would regard it as not only relevant to, but also corroborative of, the offenses of which he was accused.[5]

### III. Conclusion

This Court has considered carefully Petitioner's Objections, engaging in a de novo review of the issues he has raised. See 28 U.S.C. § 636(b)(1)(B),(C). We are not persuaded that there exist any "exceptional circumstances" warranting the "extraordinary remedy" of relief allowed under Fed. R. Civ. P. 60(b). See McAlpin, supra, 229 F.3d at 502-503. Because we find the Magistrate Judge's Report and Recommendation (doc. 36) to be thorough, well-reasoned and correct, we hereby ACCEPT,

---

authority of State v. Jamison, 49 Ohio St.3d 182, 184-87, 552 N.E.2d 180, 183-85 (Ohio 1990), and as applied in State v. Dunham, No. 04CA2931, 2005 WL 1684674, at ¶¶ 27-32 (Ohio Ct. App. July 15, 2005).

[5] Petitioner makes much of the fact that he was not "charged with complicity" (see doc. 42 at 4), but any new claim in this regard is plainly not viable under Rule 60(b). Johnson, supra, 605 F.3d at 335 (citing Gonzalez, supra, 545 U.S. at 531). And even if it were, the substance of it would fail on the merits. Ohio Rev. Code § 2923.03(F) states that a charge of complicity also may be stated "in terms of the principal offense[,]" and the Supreme Court of Ohio has ruled that "a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment . . . does not mention complicity[]" (State v. Herring, 934 Ohio St.3d 246, 251, 2002-Ohio-796, 762 N.E.2d 940, 949). Thus, it was not improper for the prosecution to prosecute Petitioner on a theory of complicity, and it was not improper for the trial court to instruct the jury on complicity (see doc. 9-5, Jury Trial Transcript VOL. II at 276 ("Whoever is guilty of complicity in the commission of an offense, shall be prosecuted as if he were the principal offender.")).

ADOPT and AFFIRM that portion of it regarding the substance of Petitioner's Rule 60(b) motion for the reasons discussed above. Therefore, Petitioner's "Motion for Leave to file Civil Rule 60" (doc. 29) is DENIED. Accordingly, Petitioner's "Motion to proceed to final Judgment" (doc. 49) is DENIED AS MOOT.

In this habeas case in which we have denied Petitioner's Rule 60(b) motion, a motion asserting that our January 17, 2013 decision denying him relief based on an unexcused procedural default (rather than the merits) was erroneous, the Court DECLINES to issue a certificate of appealability because, under the first prong of the standard enunciated in Slack v. Daniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (a habeas petitioner cannot appeal the denial of a Rule 60(b) motion without a certificate of appealability from the district court); Carroll v. Burt, Civil No. 2:07-12679, 2013 WL 440167, at *2-3 (E.D. Mich. Feb. 5, 2013) ("In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the

15

procedural ruling by the district court is wrong.**")** (emphasis added).

Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal of this Opinion and Order would not be taken in "good faith" and thus DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated:  July 15, 2014      /s/ S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge